UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Michael Eugene Lovell,

    Plaintiff,

v.

Larry Chrisldon Williams and Knight
Transportation, Inc.

    Defendant.

_____/

CASE NO.
(Formerly C/A No.: 2012-CA-12430)
Filed in the Fourth Judicial Circuit In and For
Duval County Florida

3:12-cv-1352- J-99 MMH-JBT

FILED

### NOTICE OF REMOVAL

    **PURSUANT to 28 USCA § 1332 and 1446** the Defendants, would respectfully show the Court in support of its Notice of Removal that:

    1.    The Summons and Complaint in this action were filed on November 16, 2012 in the Court of Common Pleas for Duval County, Florida. Attached for the Court are copies of Plaintiff's Summons and Complaint. The Complaint is the first pleading served upon the Defendant in this action and service was affected on November 26, 2012. Therefore, removal is timely under 28 U.S.C. §1446(b).

    2.    The United States District Court has jurisdiction over this action pursuant to 28 U.S.C. §1332. The Plaintiff is a resident of the State of Florida; Defendant Larry Chrisldon Williams is a resident of the State of North Carolina; and Defendant Knight Transportation, Inc. is incorporated in the State of Arizona and has its principle place of business in the State of Arizona. The action has been brought by the Plaintiff against the Defendants for the alleged accident which occurred in Duval County, Florida.

3.     Venue is proper in this matter in the Middle District of Florida, Jacksonville, Division of this Court in accordance with 28 U.S.C. §1441(a).

4.     Upon information and belief, the amount in controversy in this matter exceeds $75,000.00 as Plaintiff alleges permanent bodily injury, pain and suffering, disability, disfigurement, mental anguish and loss of capacity for enjoyment of life as a result of this vehicle accident and has demanded $350,000.00 in settlement of his claim.

5.     Defendant has filed no pleadings in this action with the Fourth Judicial Circuit Court for the State of Florida in response to this Complaint other than the Answer and Defendants' Answer to the Plaintiff's Complaint is filed herewith contemporaneously.

6.     Defendants have furnished a copy of this Notice of Removal to the Fourth Judicial Circuit Court.

7.     Accompanying the Notice of Removal is a Civil Cover Sheet and a check in the amount of $350.00 for the required filing fee under 28 § 1914

Respectfully submitted,

Wicker Smith O'Hara McCoy & Ford, PA
*Attorneys for Larry Chrisldon Williams and*
  *Knight Transportation, Inc.*
50 N. Laura Street, Suite 2700
Jacksonville, FL  32202
(904) 355-0225 - Telephone
(904) 355-0226 - Facsimile
Jaxcrtpleadings@wickersmith.com

Sweeny, Wingate & Barrow, P.A.
*Attorneys for Larry Chrisldon Williams and*
  *Knight Transportation, Inc.*
Post Office Box 12129
Columbia, South Carolina 29211
(803) 256-2233 – Telephone
(803) 256-9177 – Facsimile
msb@swblaw.com
pjr@swblaw.com


*/s/ Richard E. Ramsey*
Richard E. Ramsey
Florida Bar No.: 715026

*/s/ Mark S. Barrow*
Mark S. Barrow, Federal I.D. No.:  1220
P. Jason Reynolds, Federal I.D. No.:  10060

**WE HEREBY CERTIFY** that a copy hereof has been furnished to David G. Candelaria, Esquire, dcandelaria@farahandfarah.com; Mark S. Barrow, Esquire, msb@swblaw.com; P. Jason Reynolds, Esquire, pjr@swblaw.com by e-mail on this **13TH** day of **December, 2012.**

*This space left intentionally blank*

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.:

MICHAEL EUGENE LOVELL

    Plaintiff,

-vs-

LARRY CHRISLDON WILLIAMS and
KNIGHT TRANSPORTATION, INC.

    Defendant

SUMMONS

THE STATE OF FLORIDA:

To All and Singular the Sheriffs of said State:

    YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the
Complaint in this action on Defendant:

Knight Transportation., a Arizona Profit Corporation by and through
Its register agent: James E. Brophy, c/o Ryley, Carlock &
Applewhite, One No. Central Ave., #1200, Phoeniz, AZ 85004-4417

    Each Defendant is required to serve written defenses to the Complaint on David G.
Candelaria, attorney, whose address is FARAH & FARAH, P.A.10 West Adams Street, 3rd
Floor, Jacksonville, FL 32202, within twenty (20) days after service of this Summons on that
Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk
of this Court either before service on Plaintiff's attorney or immediately thereafter. If a
Defendant fails to do so, a default will be entered against that Defendant for the relief demanded
in the Complaint or petition.

NOV 16 2012

WITNESS my hand and the Seal of said Court this ____ day of _____, 2012.

As Clerk of said Court

By _____

    Deputy Clerk

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.: 2012-CA-12430
DIVISION:

CV-H

MICHAEL EUGENE LOVELL,

    Plaintiff,

    vs.

LARRY CHRISLDON WILLIAMS and
KNIGHT TRANSPORTATION, INC.,

    Defendant(s).

_____/

**FILED**

NOV 1 5 2012

CLERK CIRCUIT COURT

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MICHAEL EUGENE LOVELL, by and through the undersigned attorney, files

this Complaint against the Defendants, LARRY CHRISLDON WILLIAMS and KNIGHT

TRANSPORTATION, INC., and further alleges:

### GENERAL ALLEGATIONS

1. This is an action for damages in excess of $15,000.00.

2. At all times material hereto, the Plaintiff, MICHAEL EUGENE LOVELL, was a resident
   of Lawtey, Bradford County, Florida.

3. At all times material hereto, the Defendant, LARRY CHRISLDON WILLIAMS
   (hereinafter referred to as "Williams"), was a resident of Eden, Rockingham County,
   North Carolina.

4. At all times material hereto, the Defendant, KNIGHT TRANSPORTATION, INC.
   (hereinafter referred to as "Knight Transportation"), was a foreign corporation, having its
   principal place of business/office in Phoenix, Arizona.

5. At all times material hereto, Williams owned and/or operated a 2008 Volvo truck, bearing VIN No.: 4V4IVC9JTGL8N496838 (hereinafter referred to as the "Truck"), a Dangerous Instrumentality as provided by Florida Law.

6. At all times material hereto, Knight Transportation owned and/or operated a 2008 Volvo truck, bearing VIN No.: 4V4IVC9JTGL8N496838 (hereinafter referred to as the "Truck"), a Dangerous Instrumentality as provided by Florida Law.

7. That the collision giving rise to this litigation occurred on or about November 11, 2011 at or near Pritchard Road and Directors Road in Jacksonville, Duval County, Florida.

8. On or about November 11, 2011, Williams was operating the Truck with the knowledge and consent of Knight Transportation.

9. On or about November 11, 2011, Williams was in the course and scope of his employment with Knight Transportation.

10. That as employer of Williams, Knight Transporatation is liable to the Plaintiff for the damages caused by the negligent acts of their employee, Williams, while he is in the course and scope of his employment with Knight Transportation.

11. That at all times material hereto Defendant, Williams had a duty to act reasonable and use due care while driving the Truck. He had a duty to pay attention to traffic, to maintain a proper look out, to obey traffic control devices, to obey the laws and rules of the State of Florida, and to maintain a proper distance between vehicles.

12. That Defendant, Williams negligently breached that duty by failing to act reasonable and use due care while driving the Truck. By failing to pay attention to traffic, failing to maintain a proper look out, failing to obey the laws and rules of the State of Florida,

failing to maintain proper speed for the road conditions, failing to reduce speed to avoid an accident and failing to maintain a proper distance between vehicles.

## COUNT I – ACTION AGAINST LARRY CHRISLDON WILLIAMS

13. The Plaintiff, by and through the undersigned attorney, adopts by reference all allegations contained in paragraphs 1 through 12 above, as set forth in full, pursuant to Rule 1.130(b), Rules of Civil Procedure.

14. On or about November 11, 2011, the Defendant, Williams was negligent in the maintenance and operation of the Truck wherein Williams caused a collision involving the Truck and the vehicle operated by Plaintiff.

15. As a direct and proximate result of the negligence of Williams, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future. Plaintiff has sustained permanent injuries within a reasonable degree of medical probability.

**WHEREFORE,** MICHAEL EUGENE LOVELL, demands judgment against LARRY CHRISLDON WILLIAMS a sum in excess of fifteen thousand ($15,000.00) dollars:

     i.  For general damages.

     ii.  For special damages.

     iii.  For costs of suit incurred in this action.

     iv.  For other and further relief as the Court may deem reasonable and proper, and demands trial by jury on all issues triable of right by jury.

3

## COUNT II – ACTION AGAINST KNIGHT TRANSPORTATION, INC.

16. The Plaintiff, by and through the undersigned attorney, adopts by reference all allegations contained in paragraphs 1 through 15 above, as set forth in full, pursuant to Rule 1.130(b), Rules of Civil Procedure.

17. Florida's Dangerous Instrumentality Doctrine imposes strict vicarious liability upon the owner of a motor vehicle who voluntarily entrusts that motor vehicle to an individual whose negligent operation causes damage to another.

18. The aforesaid negligent acts and omissions of Williams are imputed to the Defendant, Knight Transportation under the Dangerous Instrumentality Doctrine.

19. As the employer of Williams, Knight Transportation is responsible for the acts of its employee while acting in the course and scope of employment pursuant to the *Doctrine of Respondeat Superior*.

20. As a direct and proximate result of the negligence stated above and herein, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future. Plaintiff has sustained permanent injuries within a reasonable degree of medical probability.

**WHEREFORE**, MICHAEL EUGENE LOVELL demands judgment against KNIGHT TRANSPORTATION, INC. a sum in excess of fifteen thousand ($15,000.00) dollars:

      v.  For general damages.

     vi.  For special damages.

4

vii.   For costs of suit incurred in this action.

viii.   For other and further relief as the Court may deem reasonable and proper, and demands trial by jury on all issues triable of right by jury.

Respectfully submitted,

FARAH & FARAH, P.A.

_____
DAVID G. CANDELARIA, ESQ.
Florida Bar No.:  0569216
10 West Adams, Suite 300
Jacksonville, FL  32202
Telephone (904) 358-8888
Facsimile (904) 358-5275
dcandelaria@farahandfarah.com
Attorney for Plaintiffs

72753-10/30244774

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT IN AND FOR DUVAL COUNTY, FLORIDA

MICHAEL EUGENE LOVELL,                    CASE NO. 2012-CA-12430

    Plaintiff,                                Division CV-H

v.

LARRY CHRISLDON WILLIAMS and
KNIGHT TRANSPORTATION, INC.

    Defendant.

_____/

## DEFENDANTS' ANSWER

**COMES NOW** the Defendants, by and through their undersigned attorneys, answering the Complaint of the Plaintiff, would allege and show unto the Court:

### FOR A FIRST DEFENSE

1.    Each and every allegation of the Plaintiff's Complaint not specifically admitted herein is denied.

2.    Lacks sufficient knowledge and information to form a belief as to the allegations of paragraphs 1 and 2, and thereby deny the same.

3.    Admits, upon information and belief, the allegations of paragraphs 3 and 4.

4.    Lacks sufficient knowledge and information to form a belief as to the allegations of paragraphs 5 and 6, and thereby deny the same.

5.    Admits so much of paragraph 7 which alleges or may be construed to allege that an accident occurred on or about November 11, 2011 in Jacksonville, Duval

CASE NO. 2012-CA-12430  Division CV-H

County, Florida.  Lacks sufficient knowledge and information to form a belief as to the remaining allegation of paragraph 7 and thereby deny the same.

6.      Lacks sufficient knowledge and information to form a belief as to the allegations of paragraph 8, 9 and 10, and thereby deny the same.

7.      Admits so much of paragraph 11 which construes or maybe alleged to construe that the Defendant Williams acted reasonably, used due care, paid attention to traffic, maintained a proper lookout, obeyed traffic control devices, obeyed the laws and rules of the State of Florida and maintained a proper distance between vehicles.  The remaining allegations of paragraph 11 are denied.

8.      Denies the allegations of paragraph 12 through paragraph 20, and thereby demand strict proof thereof.

### FOR A SECOND DEFENSE
**(Failure to State Claim)**

9.      The allegations contained in paragraphs 1 through 8 above, not inconsistent herewith, are hereby realleged as if set forth herein verbatim.

10.     The Defendants would show that the Plaintiff's Complaint fails to state a claim upon which relief can be granted, and, therefore should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### FOR A THIRD DEFENSE
**(Comparative Negligence)**

11.     The allegations contained in paragraphs 1 through 10 above, not inconsistent herewith, are hereby realleged as if set forth herein verbatim.

2

CASE NO. 2012-CA-12430   Division CV-H

12.    The Defendants would show that such injuries or losses that Plaintiff sustained, if any, were due to and caused by the sole negligence, gross negligence, willfulness, wantonness, carelessness and recklessness of the Plaintiff, combining, concurring and contributing with the negligence, if any, on the part of these Defendants, to such a degree that Plaintiff's recovery is barred by the doctrine of comparative negligence in Florida.

### FOR A FOURTH DEFENSE
**(Sudden Emergency)**

13.    The allegations contained in paragraphs 1 through 12 above, not inconsistent herewith, are hereby realleged as if set forth herein verbatim.

14.    Even assuming Defendants were negligent in any respect, which is expressly denied, these Defendants would show that the Plaintiff's injuries or losses were the result of and reaction to a sudden emergency over which Defendants had no control and, therefore, Plaintiff's action is barred.

### FOR A FIFTH DEFENSE
**(Assumption of the Risk)**

15.    The allegations contained in paragraphs 1 through 14 above, not inconsistent herewith, are hereby realleged as if set forth herein verbatim.

16.    The Defendants would show that the Plaintiff knew of the probable risk of injury or harm resulting from Plaintiff's actions, and therefore, the Defendants would plead the doctrine of assumption of the risk as a complete bar to this action.

3

CASE NO. 2012-CA-12430  Division CV-H

### FOR A SIXTH DEFENSE
**(Unavoidable Accident)**

17.    The allegations contained in paragraphs 1 through 16 above, not inconsistent herewith, are hereby realleged as if set forth herein verbatim.

18.    The Defendants would show that such injuries or losses that the Plaintiff sustained, if any, as alleged in Plaintiff's Complaint, were not due to or caused by the negligence on the part of the Defendants, but was rather due to and caused by an unavoidable accident, thereby barring any claim whatsoever.

### FOR A SEVENTH DEFENSE
**(Intervening or Superseding Negligence)**

19.    The allegations contained in paragraphs 1 through 18 above, not inconsistent herewith, are hereby realleged as if set forth herein verbatim.

20.    The Defendants would show that such injuries or losses that Plaintiff sustained, if any, as alleged in Plaintiff's Complaint, were not due to or caused by any negligence on the part of the Defendants, but were rather due to and caused by the contributing, concurring, intervening or superseding fault, breach of warranty or act or omission of a third party, over which these Defendants had no control.

### FOR AN EIGHTH DEFENSE
**(Waiver and Estoppel)**

22.    The allegations contained in paragraphs 1 through 21 above, not inconsistent herewith, are hereby realleged as if set forth herein verbatim.

23.    The Defendants would show that Plaintiff's Complaint is barred by the doctrine of waiver and estoppel.

4

CASE NO. 2012-CA-12430  Division CV-H

## FOR A NINTH DEFENSE
### (Statute of Limitations)

24.    The allegations contained in paragraphs 1 through 23 above, not inconsistent herewith, are hereby realleged as if set forth herein verbatim.

25.    The Defendants would show that this action is barred by the applicable Statute of Limitations.

## FOR A TENTH DEFENSE
### (Spoliation)

26.    The allegations contained in paragraphs 1 through 25 above, not inconsistent herewith, are hereby realleged as if set forth herein verbatim.

27.    The Defendants would show that Plaintiff's Complaint is barred by the doctrine of spoliation.

## FOR AN ELEVENTH DEFENSE
### (Punitive Damages)

28.    The allegations contained in paragraphs 1 through 27 above, not inconsistent herewith, are hereby realleged as if set forth herein verbatim.

29.    The Defendants allege that the Plaintiff's claim for punitive damages violates both the Fourteenth Amendment to the United States Constitution and Article I, Section 3 of the South Carolina Constitution in that the jury's unfettered power to award punitive damages in any amount it chooses is wholly devoid of any meaningful standard and is inconsistent with due process guarantees.

30.    The Defendants allege that the Plaintiff's claim for punitive damages violates the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article I,

Section 3 of the South Carolina Constitution because, even if it could be argued the standard governing the imposition of punitive damages exists, the standard would be void due to vagueness.

31.     The Defendants allege that the Plaintiff's claim for punitive damages violates the equal protection clause of the Fourteenth Amendment to the United States Constitution and Article I, Section 3 of the South Carolina Constitution in that the amount of punitive damages is based upon the wealth of these Defendants.

32.     The Defendants allege that the Plaintiff's claim of punitive damages violates the doctrine of separation of powers and Article I, Section 3 of the South Carolina Constitution because punitive damages are a creation of the Judicial Branch of government which invades the province of the Legislative Branch of government.

33.     Defendants would show, upon information and belief, that the Plaintiff's claim for punitive Damages violates the Fifth, Sixth, Seventh, Eighth and Fourteenth Amendments to the Constitution of the United States of America in that it violates the double jeopardy clause in that Defendants could be subjected to multiple awards of punitive damages for the same set of facts; the self-incrimination clause is being violated because Defendants can be compelled to give testimony against itself in a penalty situation such as punitive damages; the assessment of punitive damages by a burden of proof less than beyond a reasonable doubt is violative of the Sixth and Fourteenth Amendments in that punitive damages are a fine or penalty and are, therefore, quasi-criminal in nature; Plaintiff's claim for punitive damages violates Defendants' right to access the courts as guaranteed by the Seventh and Fourteenth Amendments because the threat of an award of punitive

CASE NO. 2012-CA-12430  Division CV-H

damages chills these Defendants' exercise of that right; the Plaintiff's claim for punitive damages violates the Eighth Amendment's guarantee that excessive fines shall not be imposed; the Plaintiff's claim for punitive damages violates both the due process and equal protection clauses of the Fourteenth Amendment in that the standard for awarding either punitive damages is unduly vague and, therefore, violates both procedural and substantive due process safeguards; therefore, the Plaintiff's claim for punitive damages should be dismissed.

**WE HEREBY CERTIFY** that a copy hereof has been furnished to David G. Candelaria, Esquire, dcandelaria@farahandfarah.com; Mark S. Barrow, Esquire, msb@swblaw.com; P. Jason Reynolds, Esquire, pjr@swblaw.com by e-mail on this **13**[TH] day of **December, 2012.**

/s/ *Richard E. Ramsey*
Richard E. Ramsey, Esquire
Florida Bar No. 715026
WICKER, SMITH, O'HARA,
   McCOY & FORD, P.A.
Attorneys for Knight Transportation, Inc.
50 N. Laura St., Suite 2700
Jacksonville, FL  32202
Phone: (904) 355-0225
Fax: (904) 355-0226
jaxcrtpleadings@wickersmith.com

7

**Form 1.997 Civil Cover Sheet**

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form shall be filed by the plaintiff or petitioner for the use of the Clerk of court for the purpose of reporting judicial workload data pursuant to Florida Statutes section 25.075. (See instructions for completion.)

I. CASE TYPE

IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
IN AND FOR DUVAL COUNTY, FLORIDA

CN-H
2012-CA-11430

MICHAEL EUGENE LOVELL
_____
           Plaintiff

vs.

Case No: _____

Judge: _____

~~FILED~~
~~NOV 15 2012~~
Jim Fallon
CLERK CIRCUIT COURT

LARRY CHRISLDON WILLIAMS and KNIC
_____
           Defendant

II.   TYPE OF CASE. (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x in both the main category and subcategory boxes.

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☒ Auto negligence
☐ Negligence - other
  ☐ Business governance
  ☐ Business torts
  ☐ Environmental / Toxic tort
  ☐ Third party indemnification
  ☐ Construction defect
  ☐ Mass tort
  ☐ Negligent security
  ☐ Nursing home negligence
  ☐ Premises liability - commercial
  ☐ Premises liability - residential
☐ Products liability
☐ Real property / Mortgage foreclosure
  ☐ Commercial foreclosure $0 - $50,000
  ☐ Commercial foreclosure $50,001 - $249,999
  ☐ Commercial foreclosure $250,000 or more
  ☐ Homestead residential foreclosure $0 - $50,000
  ☐ Homestead residential foreclosure $50,001 - $249,999
  ☐ Homestead residential foreclosure $250,000 or more
  ☐ Nonhomestead residential foreclosure $0 - $50,000

☐ Nonhomestead residential foreclosure $50,001 - $249,999
☐ Nonhomestead residential foreclosure $250,000 or more
☐ Other real property actions $0 - $50,000
☐ Other real property actions $50,001 - $249,999
☐ Other real property actions $250,000 or more
☐ Professional malpractice
  ☐ Malpractice - business
  ☐ Malpractice - medical
  ☐ Malpractice - other professional
☐ Other
  ☐ Antitrust / Trade regulation
  ☐ Business transactions
  ☐ Constitutional challenge - statute or ordinance
  ☐ Constitutional challenge - proposed amendment
  ☐ Corporate trusts
  ☐ Discrimination - employment or other
  ☐ Insurance claims
  ☐ Intellectual property
  ☐ Libel / Slander
  ☐ Shareholder derivative action
  ☐ Securities litigation
  ☐ Trade secrets
  ☐ Trust litigation

III.   REMEDIES SOUGHT.  (Check all that apply.)
     ☒ Monetary
     ☐ Non-monetary declaratory or injunctive relief
     ☐ Punitive

IV.   NUMBER OF CAUSES OF ACTION: [   ]
     (Specify)

V.   IS THIS CASE A CLASS ACTION LAWSUIT?
     ☐ Yes
     ☒ No

VI.   HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?
     ☐ Yes (If "yes," list all related cases by name, case number, and court.)
     ☒ No

VII.   IS JURY TRIAL DEMANDED IN COMPLAINT?
     ☒ Yes
     ☐ No

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.

Signature: _____          FL Bar No: 569216
     Attorney or party                                              (Bar number, if attorney)

DAVID G. CANDELARIA, ESQ.
(Type or print name)                                              Date



**JIM FULLER**

CLERK OF THE CIRCUIT AND COUNTY COURTS
JACKSONVILLE, DUVAL COUNTY, FLORIDA

**RECEIPT**
1703748

Printed on:
11/16/2012  9:06 AM
Page 1 of 1

| Receipt Number: 1703748 - Date  11/16/2012    Time  9:06 AM | |
|---|---|
| **Received of:** | FARAH & FARAH |
| | 10 W. ADAMS ST |
| | Jacksonville, FL 32202 |

| | | | |
|---|---|---|---|
| **Cashier #:** | aldanarc | **Balance Owed:** | 421.00 |
| **Cashier Location:** | Circuit Civil | **Total Amount Paid:** | 421.00 |
| **Receipt ID:** | 4845244 | **Remaining Balance Owed:** | 0.00 |
| **Division:** | CV-H (Civil) | | |

| Case# 16-2012-CA-012430-XXXX-MA – Plaintiff: LOVELL, MICHAEL EUGENE | | | |
|---|---|---|---|
| **Item** | **Balance** | **Paid** | **Bal Remaining** |
| Fees | 421.00 | 421.00 | 0.00 |
| **Case Total** | **421.00** | **421.00** | **0.00** |

| Payments: | | |
|---|---|---|
| **Type:** | **Ref#:** | **Amount:** |
| CHECK | 213030 | 421.00 |
| **Total Received** | | **421.00** |
| **Total Paid** | | **421.00** |

## The Clerk of Courts is here to help you.

| We can be found online at: | WWW.DUVALCLERK.COM |
|---|---|
| The main courthouse Location is: | Clerk of the Circuit and County Courts |
| | Duval County, Florida |
| | 501 West Adams Street |
| | Jacksonville, Florida 32202 |
| The main telephone number is: | 904-255-2000 |

Other Locations:

| **Traffic Violations Bureau** | **Neptune Beach Courthouse Annex** |
|---|---|
| 3470 Beach Blvd | 1543 Atlantic Blvd |
| Jacksonville, Florida 32207 | Neptune Beach, Florida 32266 |

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.:

2012- CA - 12430

CN H

MICHAEL EUGENE LOVELL

     Plaintiff,

-vs-

LARRY CHRISLDON WILLIAMS and
KNIGHT TRANSPORTATION, INC.

     Defendant

<u>SUMMONS</u>

**THE STATE OF FLORIDA:**

To All and Singular the Sheriffs of said State:

     **YOU ARE HEREBY COMMANDED** to serve this Summons and a copy of the Complaint in this action on Defendant:

     **Knight Transportation., a Arizona Profit Corporation by and through**
     **Its register agent: James E. Brophy, c/o Ryley, Carlock &**
     **Applewhite, One No. Central Ave., #1200, Phoeniz, AZ 85004-4417**

     Each Defendant is required to serve written defenses to the Complaint on David G. Candelaria, attorney, whose address is FARAH & FARAH, P.A.10 West Adams Street, 3rd Floor, Jacksonville, FL 32202, within twenty (20) days after service of this Summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or petition.

     **WITNESS** my hand and the Seal of said Court this ____ day of __NOV 1 6 2012_____, 2012.

**JIM FULLER**

As Clerk of said Court

By _____
     Deputy Clerk

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.: 2012 - CA - 12430

CN-H

MICHAEL EUGENE LOVELL

    Plaintiff,

-vs-

LARRY CHRISLDON WILLIAMS and
KNIGHT TRANSPORTATION, INC.

    Defendant

## SUMMONS

**THE STATE OF FLORIDA:**

To All and Singular the Sheriffs of said State:

    **YOU ARE HEREBY COMMANDED** to serve this Summons and a copy of the Complaint in this action on Defendant: **Larry Chrislton Williams, 609 Lynrock Street #F, Eden, NC 27288.**

    Each Defendant is required to serve written defenses to the Complaint on David G. Candelaria, attorney, whose address is FARAH & FARAH, P.A.10 West Adams Street, 3rd Floor, Jacksonville, FL 32202, within twenty (20) days after service of this Summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter.  If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or petition.

NOV 1 6 2012

    **WITNESS** my hand and the Seal of said Court this ____ day of _____, 2012.

**JIM FULLER** As Clerk of said Court

By _____

Deputy Clerk