IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.:
DIVISION:

3:12-CV-1352-J-99mmH-JBT

MICHAEL EUGENE LOVELL,

    Plaintiff,

vs.

LARRY CHRISLDON WILLIAMS and
KNIGHT TRANSPORTATION, INC.,

    Defendant(s).

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MICHAEL EUGENE LOVELL, by and through the undersigned attorney, files

this Complaint against the Defendants, LARRY CHRISLDON WILLIAMS and KNIGHT

TRANSPORTATION, INC., and further alleges:

### GENERAL ALLEGATIONS

1. This is an action for damages in excess of $15,000.00.

2. At all times material hereto, the Plaintiff, MICHAEL EUGENE LOVELL, was a resident
of Lawtey, Bradford County, Florida.

3. At all times material hereto, the Defendant, LARRY CHRISLDON WILLIAMS
(hereinafter referred to as "Williams"), was a resident of Eden, Rockingham County,
North Carolina.

4. At all times material hereto, the Defendant, KNIGHT TRANSPORTATION, INC.
(hereinafter referred to as "Knight Transportation"), was a foreign corporation, having its
principal place of business/office in Phoenix, Arizona.

5. At all times material hereto, Williams owned and/or operated a 2008 Volvo truck, bearing VIN No.: 4V4IVC9JTGL8N496838 (hereinafter referred to as the "Truck"), a Dangerous Instrumentality as provided by Florida Law.

6. At all times material hereto, Knight Transportation owned and/or operated a 2008 Volvo truck, bearing VIN No.: 4V4IVC9JTGL8N496838 (hereinafter referred to as the "Truck"), a Dangerous Instrumentality as provided by Florida Law.

7. That the collision giving rise to this litigation occurred on or about November 11, 2011 at or near Pritchard Road and Directors Road in Jacksonville, Duval County, Florida.

8. On or about November 11, 2011, Williams was operating the Truck with the knowledge and consent of Knight Transportation.

9. On or about November 11, 2011, Williams was in the course and scope of his employment with Knight Transportation.

10. That as employer of Williams, Knight Transporatation is liable to the Plaintiff for the damages caused by the negligent acts of their employee, Williams, while he is in the course and scope of his employment with Knight Transportation.

11. That at all times material hereto Defendant, Williams had a duty to act reasonable and use due care while driving the Truck. He had a duty to pay attention to traffic, to maintain a proper look out, to obey traffic control devices, to obey the laws and rules of the State of Florida, and to maintain a proper distance between vehicles.

12. That Defendant, Williams negligently breached that duty by failing to act reasonable and use due care while driving the Truck. By failing to pay attention to traffic, failing to maintain a proper look out, failing to obey the laws and rules of the State of Florida,

failing to maintain proper speed for the road conditions, failing to reduce speed to avoid an accident and failing to maintain a proper distance between vehicles.

## COUNT I – ACTION AGAINST LARRY CHRISLDON WILLIAMS

13. The Plaintiff, by and through the undersigned attorney, adopts by reference all allegations contained in paragraphs 1 through 12 above, as set forth in full, pursuant to Rule 1.130(b), Rules of Civil Procedure.

14. On or about November 11, 2011, the Defendant, Williams was negligent in the maintenance and operation of the Truck wherein Williams caused a collision involving the Truck and the vehicle operated by Plaintiff.

15. As a direct and proximate result of the negligence of Williams, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future. Plaintiff has sustained permanent injuries within a reasonable degree of medical probability.

WHEREFORE, MICHAEL EUGENE LOVELL, demands judgment against LARRY CHRISLDON WILLIAMS a sum in excess of fifteen thousand ($15,000.00) dollars:

    i.  For general damages.

    ii.  For special damages.

    iii.  For costs of suit incurred in this action.

    iv.  For other and further relief as the Court may deem reasonable and proper, and demands trial by jury on all issues triable of right by jury.

3

## <u>COUNT II – ACTION AGAINST KNIGHT TRANSPORTATION, INC.</u>

16. The Plaintiff, by and through the undersigned attorney, adopts by reference all allegations contained in paragraphs 1 through 15 above, as set forth in full, pursuant to Rule 1.130(b), Rules of Civil Procedure.

17. Florida's Dangerous Instrumentality Doctrine imposes strict vicarious liability upon the owner of a motor vehicle who voluntarily entrusts that motor vehicle to an individual whose negligent operation causes damage to another.

18. The aforesaid negligent acts and omissions of Williams are imputed to the Defendant, Knight Transportation under the Dangerous Instrumentality Doctrine.

19. As the employer of Williams, Knight Transportation is responsible for the acts of its employee while acting in the course and scope of employment pursuant to the *Doctrine of Respondeat Superior*.

20. As a direct and proximate result of the negligence stated above and herein, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future. Plaintiff has sustained permanent injuries within a reasonable degree of medical probability.

WHEREFORE, MICHAEL EUGENE LOVELL demands judgment against KNIGHT TRANSPORTATION, INC. a sum in excess of fifteen thousand ($15,000.00) dollars:

        v. For general damages.

        vi. For special damages.

4

vii. For costs of suit incurred in this action.

viii. For other and further relief as the Court may deem reasonable and proper,

and demands trial by jury on all issues triable of right by jury.

Respectfully submitted,

FARAH & FARAH, P.A.

DAVID G. CANDELARIA, ESQ.
Florida Bar No.: 0569216
10 West Adams, Suite 300
Jacksonville, FL  32202
Telephone (904) 358-8888
Facsimile (904) 358-5275
dcandelaria@farahandfarah.com
Attorney for Plaintiffs

5